DAVID BEERS *against* MOSS K. BOTSFORD, and the rest of the Inhabitants of the Town of NEWTOWN.

MOTION for a new trial.

This was an action of *indebitatus assumpsit.*

The plaintiff declared, that on the 24th of *October*, 1791, *Elijah Abel*, Esq. sheriff of *Fairfield* county, had an execution in his hands, directed to him, in favour of the treasurer of this state, against the defendants, for taxes due to the state, amounting to more than 2,000 dollars, which, on the 15th of *December* following, he levied on the property of the plaintiff, who was then an inhabitant of *Newtown*. That thereupon the plaintiff, with *Abram Baldwin*, *David Booth*, and *Zalmon Booth*, also inhabitants of *Newtown*, executed their receipt to the sheriff, engaging to deliver said property, at the expiration of twenty days, at the sign-post, that the same might be sold on said execution: That said property not being delivered accordingly, an action was afterwards instituted by the sheriff, on the receipt, and a judgment recovered thereon for 612*l.* 8*s.* 11 1-4*d.* damages, and 5*l.* 3*s.* 3*d.* costs, for which execution issued: That this execution remained unpaid, and said taxes uncancelled by the defendants, until the 1st of *January*, 1806, when the plaintiff, at the special instance and request of the defendants, paid to the sheriff the sum of 2,000 dollars, in satisfaction of said taxes and the last-mentioned execution. The declaration then concluded in the common form of *indebitatus assumpsit.*

The defendants pleaded *non assumpserunt;* and the plaintiff obtained a verdict. The defendants then moved

It is unnecessary to prove the existence of a distress against the collector, in order to let in proof of one against the selectmen.

In *indebitatus assumpsit* for money paid to the defendants' use, the declaration stated, that an execution had been issued against the defendants, inhabitants of the town of *Newtown*, for taxes; that property had been taken thereon, for which the plaintiff had given his receipt; and that in consequence thereof, he had been eventually compelled to pay this money in satisfaction of said taxes. At the trial, evidence was produced of an execution against the *collector.* Held, that this was no material variance.

The issuing of a distress by the treasurer of the state against the inhabitants of a town may be proved by parol.

June, 1808.

BEERS
v.
BOTSFORD.

the court to set aside the verdict, and grant them a new trial, on the following grounds:

1. That on the trial, the defendants proved, by a copy of the receipt, that the execution on which the property mentioned in the declaration was taken, was an execution " against *Abram Baldwin*, collector of state taxes for said *Newtown*." The plaintiff then offered the deposition of *Elijah Abel*, the sheriff, to prove that the execution on which said property was taken and receipted, was not, in fact, an execution against *Baldwin*, but was an execution against the town of *Newtown*. To this evidence the defendants objected; but the court admitted it.

2. That on the trial, the plaintiff also offered in evidence an execution against the selectmen of the town of *Newtown*. To this the defendants objected, and claimed, that an execution against *Baldwin*, the collector, ought first to be produced. The court overruled the objection; and said execution against the selectmen was admitted, without the production of any execution against the collector.

3. That on the trial, the plaintiff also offered parol evidence to prove that an execution had issued against the town of *Newtown*, and that the same was lost, or mislaid, without proving, by record evidence, that such execution had issued; to which the defendants objected; but the court overruled the objection, and admitted the evidence offered.

4. That the court mistook the law in their charge to the jury: First, because the presiding judge directed the jury to find a verdict for the plaintiff, if they should find the receipt was, in fact, given for property taken on an execution against said town, and the amount paid

by the plaintiff: Secondly, because his honour instructed them that it was immaterial whether the property taken, and receipted by the plaintiff, was property belonging to the plaintiff, or to said town, provided they found that the plaintiff had received no indemnity from such property, but had been compelled to pay the execution with his own money: And, thirdly, because his honour also instructed the jury, that though it appeared in evidence, that *Zalmon Booth*, one of the receiptmen, had paid a part of the execution as well as the plaintiff, it was not necessary for the plaintiff to have joined him as a party in the suit; and that each who had paid, might sue separately.

The several questions arising on the above statement, were reserved for the opinion of the nine judges.

*Gould*, in support of the motion.

1. The plaintiff has stated, as the ground of his recovery, that he has given a receipt of property, and has ultimately paid money on an execution against the *town of Newtown*. From the face of the receipt given in evidence, it appeared that the execution was against *Abram Baldwin*, *collector*. There is, then, a variance between the declaration and the evidence. Is not this a *material* variance, and of course fatal? If the execution was against the town, the plaintiff's remedy is against the town; but if the execution was against the collector, then the money was paid for the collector's use, and the plaintiff must look to the collector for his recompense. Suppose I sue *A.* for money paid on his note to *B.;* and the evidence produced is of money paid on the defendant's note to *C.*—is my declaration supported? But that is a case less strong than the principal one; for in that, the right person would be sued, but in this, the wrong. *Savage, q. t., v. Smith*, 2 *Bl. Rep.* 1101.,

June, 1808.   and *Bristow* v. *Wright et al.*, *Doug.* 665., are in point.
                Where special grounds of action are stated in the de-
BEERS         claration, no other ground can be taken at the trial.
v.
BOTSFORD.

2. Another ground for the motion is, that an execu-
tion was admitted in evidence against the selectmen,
before any was shown against the collector. The statute
tit. 435. c. 1. s. 4. provides, that if the collector shall
neglect to pay over to the treasurer, and settle with him
for the tax, the treasurer shall issue a distress against
such collector. *Sect.* 5. directs, that in case of a return
of *non est inventus*, or a commitment of the collector,
the treasurer shall issue a distress against the goods or
estate of the selectmen. Now, if no distress had been
issued against the collector, or if one had been issued
and had been returned satisfied, clear it is, that the
treasurer would not be authorized to issue one against
the selectmen, and if he attempted to do so, his act
would be irregular and nugatory. The execution against
the collector should have been produced for another
reason. Because, if it should appear to have been re-
turned *satisfied*, the collector, and not the plaintiff,
would be entitled to recover against the town. It would
show, that the money paid by the plaintiff was not
paid *for the use of the town*.

3. The court mistook the law in admitting parol evi-
dence that an execution had issued against the town.
The issuing of an execution can only be proved by *the
record*. The loss of an execution may, indeed, be pro-
ved by parol; but it would be absurd to receive such
proof, until it had been shown, by proper evidence,
that one had been issued.

4. The last ground of the motion was concisely stated,
but not relied upon.

*Daggett*, contra.

1. Though there was, in fact, a literal variance between the declaration and the receipt given in evidence, yet we contend that this was wholly unimportant, as the allegation which it was offered to prove might be rejected as surplusage. This was an action of *indebitatus assumpsit* for money paid, laid out and expended to the defendants' use. To entitle himself to a recovery, it was only necessary for the plaintiff to show that he had been compelled to pay money for the benefit of the defendants, and with their consent. The mode in which he was compelled to pay was immaterial. The doctrine of *Savage* v. *Smith*, and *Bristow* v. *Wright*, has been overruled by the *supreme court* of the *United States*, in the case of *Wilson* v. *Codman's Executor*, 3 *Cranch*, 209. In *De Forest* v. *Brainer,d* 2 *Day*, 528., there was in fact a variance between the declaration and the proof; but the court held, notwithstanding, that the declaration was supported.

[SWIFT, J. In that case, the court did not consider themselves as departing from the principle of *Bristow v. Wright*. They considered a *continuance* of the party in office as equivalent to an *appointment*. TRUMBULL, J. agreed in this explanation.]

The property of the defendant was taken to *satisfy* an execution against *Abram Baldwin*, the collector. It was also taken to satisfy an execution against the selectmen. There can be but one satisfaction. The satisfaction of one is the satisfaction of the other. Property taken to satisfy one is taken to satisfy the other. There was, then, substantially, no variance, admitting that the allegation in question was one which it was necessary to prove: so that *De Forest* v. *Brainerd*, as explained, is still an authority in our favour.

2. It was not necessary for the plaintiff to produce an execution against the collector, because that against the selectmen counts upon an execution previously issued, and returned, against the collector. The execution against the selectmen, *of itself*, proves an execution against the collector.

But we contend, that it was not necessary for the plaintiff to prove any thing more than an execution against the town. It is enough for an officer to show his execution. Can more be required of him who has paid it?

3. A very satisfactory answer may be given to the third objection, *viz.* that no record is kept by the treasurer of the issuing of a distress, or execution. He is not a recording officer. A *certificate* of the treasurer is not evidence: or, if so, as it is not a record, nor an exemplification of a record, it is still *parol*.

In the last place, we contend that if all these points are against us, the case is such that no new trial will be granted. The plaintiff has paid his money, and he must have it reimbursed. The court and jury have come to a right result. Substantial justice has been done. The court will not grant a new trial, for a mistake in point of law, against the honesty and equity of the cause. *Smith* v. *Page*, 2 *Salk*. 644. *Deerly* v. *The Duchess of Mazarine*, 2 *Salk*. 646.

*Gould* was heard at length in reply.

BY THE COURT.(*a*)   By the statute entitled " An act providing for the collection and payment of rates and

(*a*) MITCHELL, Ch. J. having an estate in *Newtown* subject to taxation, and EDMOND, J. being an inhabitant of that town, declined sitting in this cause.

taxes," it is enacted, that on neglect of a collector, the
treasurer shall issue a distress or warrant against him,
for the amount due; on return of that unsatisfied, he
shall issue a distress against the goods, &c. of the se-
lectmen; and on return of that unsatisfied, he shall
issue a distress for the sum due, and all charges, against
the goods and chattels of the inhabitants of the town;
and the several towns are made responsible for the full
amount of their proportion of the state taxes.

By the statute, then, the treasurer issues the several
warrants or executions in succession, without the inter-
ference of any court. Of course, record evidence does
not exist that all or either have issued. The proof rests
wholly in parol. From the nature of the case, none
other could exist. The minutes of the treasurer, if he
made any, must be shown by parol. It was proper,
then, to admit the parol evidence offered, respecting the
issuing, the levy, and the loss of the executions in ques-
tion. And proof that an execution had issued against
the town was, at least, *primâ facie* evidence that an
execution had previously issued against the collector,
and against the selectmen.

This is substantially an action to recover money ad-
vanced by the plaintiff, at the request, and to the use
of the defendants. More is evidently stated in the de-
claration than was necessary. To entitle the plaintiff to
a recovery, it must, indeed, appear, that the execution
which was levied, and which he paid, was in fact an ex-
ecution against the town. The evidence of this fact is
opposed, on the part of the defendants, by the receipt
of the property on an execution against the collector.
Yet, as the existence of an execution against the town
presupposes an uncancelled execution against the col-
lector, and that he is eventually responsible for the
whole; it is possible the receipt may have been impro-

June, 1808.

BEERS
v.
BOTSFORD.

perly drawn. When evidence is thus apparently contra-
dictory, and yet is capable of satisfactory explanation,
it is the peculiar province of the jury to decide. In the
direction to the jury on this point, we perceive nothing
improper; nor do we conceive it could affect the right
of the plaintiff to recover, whether the property re-
ceipted was originally his, or belonged to the town, pro-
vided it appeared he was not indemnified out of the
property. And though others may have advanced mo-
ney to the town on the same execution, the contract of
indemnity is several as well as joint.

We are, therefore, of opinion, that the direction to
the jury on the several points stated was legal and
proper; and the facts thus submitted to their consider-
ation were the material facts alleged; and being found,
are sufficient to show the right of the plaintiff to re-
cover.

New trial not to be granted.